# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JUDITH HOLTZMAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:18-cv-00488 |
| TELEPERFORMANCE U.S.A., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Judith Holtzman ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Teleperformance U.S.A. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA and FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Wisconsin.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Western District of Wisconsin.

5. Defendant is a multinational company that specializes in outsourced omnichannel customer experience management, also known as Business Process Outsourcing. Defendant provides many services for its clients, including debt collection services. Defendant's principal place of business is located in Salt Lake City, Utah.

6. Defendant regularly attempts to collect debts allegedly owed by consumers residing in the state of Wisconsin.

## FACTS SUPPORTING CAUSES OF ACTION

7. In February 2017, Defendant began placing calls to Plaintiff's cellular telephone number (715) XXX-1875.

8. At all times relevant to the instant action, Plaintiff was a subscriber, owner, possessor, and operator of the cellular telephone ending in 1875.

9. Immediately after the calls began, Plaintiff answered a phone call to her cellular telephone from a representative of Defendant.

10. Defendant's representative identified themselves as "Credit One" and informed Plaintiff that it was looking for Nesin Holtzman ("Nesin"), Plaintiff's granddaughter.

11. Defendant further advised Plaintiff that it was attempting to collect an outstanding credit card debt owed by Nesin.

12. Plaintiff notified Defendant that Nesin is disabled and that they should not have extended any credit to Nesin without authorization from Plaintiff, who is Nesin's legal guardian.

13. Furthermore, Plaintiff requested that Defendant cease calls to her 1875 number.

14. Notwithstanding Plaintiff's numerous requests that Defendant's collection calls cease, Defendant continued to place calls to Plaintiff in an effort to compel payment from Nesin.

15. Each call placed to Plaintiff's cellular phone number was an attempt to collect a debt allegedly owed by Nesin.

16. Plaintiff answered no less than 5 calls from Defendant, and in most answered calls, demanded that Defendant cease its calls to Plaintiff's cellular telephone.

17. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

18. Between February 11, 2017 and February 26, 2017, Defendant placed multiple collections calls per business day to Plaintiff's cellular phone.

19. On February 26, 2017, Defendant placed 9 collection calls to Plaintiff's cellular phone in a 5 hour period.

20. In total, Defendant placed or caused to be placed no less than 75 harassing phone calls to Plaintiff's cellular telephone from February 11, 2017 through February 26, 2017.

21. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

22. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

23. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to place calls to collect outstanding debts.

24. In December 2017, Plaintiff discovered that it was not Credit One that was actually placing the calls to her cellular phone, but that it was Defendant placing calls on behalf of Credit One.

25. Specifically, Plaintiff discovered that Defendant was the entity placing calls to her on behalf of Credit One through the discovery process in litigation initiated by Plaintiff's acquaintance against Credit One.

26. Prior to December 2017, Plaintiff could not have known it was actually Defendant that was placing the calls to her because Defendant's agents always identified themselves as Credit One in the phone calls that Plaintiff answered.

## DAMAGES

27. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

28. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

29. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

30. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

33. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

34. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

35. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

36. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

37. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

38. Defendant violated the TCPA by placing no less than 75 harassing phone calls to Plaintiff's cellular telephone from February 11, 2017 through February 26, 2017, using an ATDS without her prior express consent.

39. As pled above, Plaintiff revoked consent to be called on her cellular phone on multiple occasions during phone calls that she answered.

40. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

41. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

42. Upon information and belief, Defendant has no policies and procedures in place to honor the requests of non-debtors that the collections calls cease.

43. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize profits.

44. Defendant acted through its agents, employees, and/or representatives at all times relevant.

45. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JUDITH HOLTZMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

48. Upon information and belief, the debt in which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

49. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**a. Violations of FDCPA §1692d**

50. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

51. Defendant violated §§1692d and d(5) when it placed no less than 75 collection calls to Plaintiff's cellular phone from February 11, 2017 through February 26, 2017 attempting to collect debt that did not belong to her.

52. Defendant's behavior of systematically calling Plaintiff's phone in an attempt to collect a debt owed by Nesin was harassing and abusive.

53. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

54. The fact that Defendant was knowingly placing calls to Plaintiff attempting to collect a debt owed by Nesin is illustrative of Defendant's intent to harass and annoy Plaintiff, presumably in an effort to either (1) compel payment from Plaintiff to satisfy Nesin's debt; (2) put pressure on Nesin to pay the debt she allegedly owes to Credit One; or (3) mislead Plaintiff into believing she was financially responsible for Nesin's debt.

55. Defendant violated §1692d(6) by falsely identifying itself as "Credit One" instead of identifying itself by its real name. At no time during any communication with Plaintiff did Defendant notify Plaintiff that it was not actually Credit One and merely calling on behalf of Credit One. Such conduct is deceptive and is expressly prohibited by the FDCPA.

### b.  Violations of FDCPA §§1692f and 1692e

56. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

57. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Plaintiff by placing no less than 75 collection calls to Plaintiff's cellular phone number from February 11, 2017 through February 26, 2017.

58. Defendant unfairly and unconscionably attempted to coerce Plaintiff into paying a debt that does not belong to her by placing relentless phone calls after Plaintiff requested that the calls cease.

59. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

60. Defendant violated §1692e by falsely representing, through implication, that Plaintiff was liable for the debt that was allegedly owed by Nesin when it continued its collection efforts targeted at Plaintiff. The continued collection calls to Plaintiff created a false impression that Plaintiff is liable for Nesin's debt.

61. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

WHEREFORE Plaintiff, JUDITH HOLTZMAN, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 26, 2018

Respectfully Submitted,

/s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, Illinois 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com